IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| LOUISE G. LANIER-FINN,<br>Plaintiff, | * * * * | |
| v. | * * | Civil Action No. 12-cv-03658-AW |
| DEPARTMENT OF THE ARMY,<br>Defendant. | * * * * | |

*************************************************************************

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment. Doc. No. 12. The Court has reviewed the motion papers and concludes that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2011). For the reasons discussed below, Defendant's Motion will be GRANTED.[1]

**I.     BACKGROUND**

The following is taken from Plaintiff's Complaint and the administrative record (AR) filed by Defendant, the Department of the Army. *See* Doc. Nos. 1, 11. Plaintiff Louise Lanier-Finn, proceeding *pro se* in this action, was commissioned as a Second Lieutenant in the Army Nurse Corps of the U.S. Army Reserve on August 20, 1982. Doc. No. 11, AR87. Plaintiff was promoted to Captain on December 15, 1986. AR222. In September 1990, Plaintiff was assigned to active duty, which was to begin April 1, 1991 at the Walter Reed Army Medical Center. AR206. Plaintiff was again promoted effective June 1, 1994, this time to the rank of Major. AR85. Effective April 15, 1999, Plaintiff was released from active duty and assigned to the 5th

---

[1] Also pending is Defendant's unopposed Motion for Extension of Time to file an initial response to Plaintiff's Complaint up to and including July 1, 2013. Doc. No. 10. The Court will GRANT this Motion nunc pro tunc.

Brigade Health Services, 80th Division in the Army Reserve. AR51, AR120. As of that date, Plaintiff had completed 16 years, seven months, and 20 days of military service.

Prior to Plaintiff's sixtieth birthday in 1999, she applied for a waiver to serve past her mandatory removal date (MRD). AR73, AR75-76. The MRD is the date on which commissioned officers may be involuntarily removed by operation of law for reaching the maximum allowable age for the office. *See, e.g.*, 10 U.S.C. §§ 14509, 14515. These provisions required that reserve officers below the rank of brigadier general would be discharged on the last day of the month in which the officer turned 60, and that officers separated for maximum age would be transferred to the Retired Reserve if so qualified.[2] *Id.* Following her application for waiver and after she reached her MRD, but prior to her discharge, Plaintiff's name was listed on an Army Human Resources Command Website as being selected for promotion to Lieutenant Colonel for the Fiscal Year 2000. *See* Doc. No. 1-5; AR10. However, Plaintiff's official personnel file and the administrative record filed in this case contain no indication that Plaintiff was ever processed for promotion or that promotion orders were promulgated.

Plaintiff's application for waiver to serve beyond her MRD was returned to Plaintiff because it was incomplete. AR51, AR71. The Army neither approved nor denied Plaintiff's extension request because she apparently refused to submit the required documentation to complete her application. AR71. Because Plaintiff was not eligible to be retained beyond her MRD, the Army issued discharge orders. *Id.* Plaintiff was informed of this fact by letter dated May 30, 2001, and she was discharged effective June 1, 2001. AR51, AR94. Plaintiff was ineligible for transfer to the Retired Reserve because she had not completed 20 years of qualifying service. AR71.

---

[2] At the time Plaintiff reached her MRD, the operative age for separation was 60. In 2006, Congress amended the statute to provide that the age for separation would be 62. *See* Pub. L. 109-364, 120 Stat. 2083, § 503(c)(1) (Oct. 17, 2006).

On December 28, 2002, Plaintiff filed an Application for Correction of Military Record to request a correction in her retirement point credit, a promotion to Lieutenant Colonel, and retirement pay. AR65, AR69. The Army's Board of Correction of Military Records (ABCMR) reviewed Plaintiff's file and concluded that (1) her application for MRD waiver had been incomplete; (2) she had refused to submit the documentation required to process her request; (3) her waiver request had not been approved; (4) she was properly separated at age 60 by operation of law; (5) she did not meet statutory requirements for retired pay because she did not have 20 years of qualifying service; and (6) she submitted no documentation showing that she was improperly denied a promotion or that her retirement points were improper. AR65-67. Accordingly, the ABCMR denied Plaintiff's request for relief based on her failure "to submit sufficient relevant evidence to demonstrate the existence of probable error or injustice." AR68. The Board's Memorandum of Consideration was dated August 14, 2003. AR64. The ABCMR notified Plaintiff of its final decision on August 25, 2003, and advised Plaintiff that she could request reconsideration only if she presented newly discovered relevant evidence that was not available when the Board denied her application. AR62.

More than five and a half years later, on May 4, 2009, Plaintiff sought reconsideration of the Board's 2003 decision. AR28. On March 4, 2010, Plaintiff's reconsideration request was returned without action pursuant to Army Regulation 15-185 ¶ 2-15, 32 C.F.R. § 581.3(g)(4), because she did not submit her request within one year of the Board's decision.[3] *Id.* Plaintiff

---

[3] The pertinent regulation provides:

> Reconsideration of ABCMR decision. An applicant may request the ABCMR to reconsider a Board decision under the following circumstances:
>
> (i) If the ABCMR receives the request for reconsideration within 1 year of the ABCMR's original decision and if the ABCMR has not previously reconsidered the matter, the ABCMR staff will review the request to determine if it contains evidence (including, but not limited to, any facts or arguments as to why relief should be granted) that was not in the record at the time of the

was advised that the Board contemplated no further action on Plaintiff's matter, and that she had the option to seek relief in a court of appropriate jurisdiction.

Plaintiff originally filed suit against the Department of the Army in the Circuit Court for Prince George's County on May 7, 2012. Doc. Nos. 1-1, 1-2.[4] Plaintiff subsequently filed her Complaint against the Department of the Army in this Court on December 13, 2012. Doc. No. 1. Plaintiff appears to be seeking retirement benefits, a promotion to Lieutenant Colonel, and compensation for ten years of pain and suffering. *Id.* at 3.

## II. ANALYSIS

Defendant moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss all of Plaintiff's claims for lack of subject matter jurisdiction. A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* at 647 (quoting *Richmond*, 945 F.2d at 768). "When challenged on allegations of jurisdictional facts,

---

ABCMR's prior consideration. If new evidence has been submitted, the request will be submitted to the ABCMR for its determination of whether the new evidence is sufficient to demonstrate material error or injustice. If no new evidence is found, the ABCMR staff will return the application to the applicant without action.

(ii) If the ABCMR receives a request for reconsideration more than 1 year after the ABCMR's original decision or after the ABCMR has already considered one request for reconsideration, then the case will be returned without action and the applicant will be advised the next remedy is appeal to a court of appropriate jurisdiction.

32 C.F.R. § 581.3(g)(4).

[4] The disposition of the state court action is not clear from the record before the Court.

the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 97-98 (2010).

"As a sovereign the United States 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). Sovereign immunity cannot be avoided by suing individual agencies or departments of the United States, such as the Department of the Army. *See, e.g.*, *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 259-63 (1999); *Huff v. Dep't of Army*, 508 F. Supp. 2d 459, 462-63 (D. Md. 2007). "Rather, sovereign immunity is implicated any time that 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.'" *Judkins v. Veterans Admin.*, 415 F. Supp. 2d 613, 616 (E.D.N.C. 2005) (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). Plaintiffs suing the United States must "allege an unequivocal waiver of sovereign immunity. . . . Such waivers may not be implied, and must be strictly construed in favor of the sovereign." *Huff*, 508 F. Supp. 2d at 462 (citations omitted) (internal quotations omitted).

Complaints filed by *pro se* plaintiffs are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citations omitted) (internal quotations omitted). Plaintiff's Complaint does not expressly articulate a basis for finding that Defendant waived its sovereign immunity. However, the Court will construe the Complaint liberally as asserting claims under the Administrative Procedure Act (APA), the Tucker Act, and the Federal Tort Claims Act (FTCA). *See Huff*, 508 F. Supp. 2d at 462-63.

A. APA Claims for Nonmonetary Relief

Plaintiff appears to advance a claim under the Administrative Procedure Act (APA) for judicial review of the ABCMR's 2003 decision to deny Plaintiff's Application for Correction of Military Record. *See* Doc. No. 1-7. The APA waives the sovereign immunity of the United States for claims seeking relief other than monetary damages. *See, e.g.*, *Hostetter v. United States*, 739 F.2d 983, 985 (4th Cir. 1984) (citing 5 U.S.C. §§ 702, 703). Accordingly, sovereign immunity is no bar to Plaintiff's APA claims to the extent she seeks review of her discharge and Defendant's denial of her promotion. *See, e.g.*, *Huff*, 508 F. Supp. 2d at 462-63.

Under 28 U.S.C. § 2401(a), with certain exceptions not relevant here, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." A complaint under the APA for judicial review of agency action is a "civil action" within the meaning of § 2401(a). *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 186 (4th Cir. 1999). "Conduct becomes reviewable under the APA upon 'final agency action,' 5 U.S.C. § 704, in other words, 'when the agency has completed its decisionmaking process, and when the result of that process is one that will directly affect the parties.'" *Id.* (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992)). Accordingly, Plaintiff's APA claims accrued upon the date of final agency action by the ABCMR.

The Board reached its decision on Plaintiff's Application for Correction of Military Record on August 14, 2003, and Plaintiff was notified of the decision on August 25, 2003. The question in this case is whether and how Plaintiff's request for reconsideration, filed May 4, 2009, and returned without action on March 4, 2010, impacts the accrual date of her claim. The Fourth Circuit has not had occasion to address this issue.

A review of decisions from other circuits and district courts reveals a split of authority and a variety of approaches to the issue. For example, the Court of Appeals for the Seventh Circuit held that the statute begins running at the time of the original decision by the Board, and a request for reconsideration has no effect on the six-year statute of limitations. *Soble v. Army Bd. of Corr. Of Military Records*, 151 F.3d 1033 (7th Cir. 1998) (unpublished table decision). Adopting such an approach would clearly bar Plaintiff's claims in this case. However, the facts in *Soble* are distinguishable. The plaintiff in *Soble* waited more than twenty years after the Board's original adverse decision to file any requests for reconsideration. In this case, Plaintiff filed a request for reconsideration within six years of the Board's original decision. The District Court for the District of Columbia addressed these circumstances, and held that the statute of limitations may be tolled where the plaintiff requests reconsideration within six years of the original, adverse ruling. *Nihiser v. White*, 211 F. Supp. 2d 125, 129-30 (D.D.C. 2002). If the Court strictly followed this approach, Plaintiff's claim arguably would not be barred. However, the *Nihiser* court did not analyze circumstances in which a plaintiff's motion for reconsideration was untimely under pertinent administrative regulations, as it was in the instant case.

The Court of Appeals for the Third Circuit adopted another approach in *Green v. White*, 319 F.3d 560 (3d Cir. 2003), holding:

> [W]e conclude that any petition for rehearing to the ABCMR which does not include "new evidence" or reflect some "changed circumstances" does not re-start the six-year statute of limitations. If, however, the ABCMR re-opens a proceeding and rules upon a petition that does contain such new evidence, such a ruling will constitute a final agency action and will re-start the six-year time limit. This will be the case even if the petition is filed more than six years after the original ABCMR decision in a petitioner's case.

319 F.3d at 566. Plaintiff's claims clearly would be barred under the *Green* approach. As noted by the Director of the ABCMR in his March 4, 2010 letter to Plaintiff, her request for

7

reconsideration provided documents already considered and available to the Board during its original review. Doc. No. 11, AR28. The Board did not reopen the proceeding or rule on her request; instead, Plaintiff's request was returned without referral to the Board. *Id.* Accordingly, under *Green*, final agency action would have occurred as of the date of the original adverse decision by the ABCMR, and Plaintiff's claims would be time-barred.[5]

Finally, in *Davis v. United States*, 589 F.3d 861 (6th Cir. 2009), the Sixth Circuit adopted yet another position on the issue, and did so in factual circumstances similar to those here. In *Davis*, the plaintiff first applied to the ABCMR for the correction of his military records on June 16, 1997, and the Board denied his requests on June 3, 1999. *Id.* at 862. On November 27, 2000, approximately a year and a half after the Board's action and beyond the one-year deadline provided by 32 C.F.R. § 581.3(g)(4), the plaintiff requested reconsideration of the Board's action. *Id.* at 862-63. The Board denied the plaintiff's request on April 9, 2001, citing a lack of new evidence. *Id.* at 863. The plaintiff filed suit on February 9, 2006, more than six years after the Board's initial action. *Id.* The district court dismissed Plaintiff's claims as time-barred, and the Sixth Circuit upheld the dismissal. *Id.*

The court discussed the approaches outlined above, but noted that none of the decisions took into account "the regulations outlining the structure and purpose of the Board's review." *Id.* at 864. The Court emphasized that under 32 C.F.R. § 581.3(g)(4), the veteran was still "legitimately pursuing administrative remedies" as long as he requested reconsideration within

---

[5] At least one district court appeared to adopt another position—that the statute of limitations resets as of the latest denial by the Board of a claimant's request for reconsideration. *See Smalls v. United States*, 87 F. Supp. 2d 1055 (D. Haw. 2000). In *Smalls*, the claimant was originally discharged by the Marine Corps in December 1980. *Id.* at 1057. The plaintiff sought correction of his military record on two occasions, and the Board denied them both times, once in June 1986 and again in November 1992. *Id.* The court held that his claim accrued at the earliest in November 1992, when the Board "last denied his request for an upgrade in discharge status." *Id.* at 1059. The Court concurs with the Third Circuit's rejection of the *Smalls* approach "because it would pave the way for a regime in which a plaintiff can indefinitely toll the statute of limitations, and in this way would swallow the limits established by 28 U.S.C. § 2401(a)." *Green*, 319 F.3d at 567.

one year of the original adverse ruling. *Id.* at 865. Accordingly, the Court articulated the following rule:

> [W]e hold that the statute of limitations is tolled during the processing of a timely request for reconsideration, but we note that this holding does not require a veteran to request reconsideration of the original Board decision in order for his or her claim to be considered exhausted. A claim will be considered exhausted either after the Board's original decision, if there is no request for reconsideration, or after a denial of a timely request for reconsideration. This choice is in the hands of the veteran, because the regulations allow him both avenues for appeal.

*Id.* Applying the rule to the facts before it, the Court held plaintiff's claim to be time-barred:

> The key fact is that Davis did not apply for reconsideration within the one year required by the regulations. Because Davis did not raise his petition for rehearing to the Board until after the time allotted by the regulations, he was not legitimately still pursuing military administrative remedies. Consequently, the Board reached its final decision on Davis' appeal on June 3, 1999-the day that it denied his request to correct his military record. By waiting until February 9, 2006, to institute this action, Davis failed to bring suit within the six-year statute of limitations required by 28 U.S.C. § 2401(a).

*Id.*

The Court is persuaded by the Sixth Circuit's approach in *Davis*. It is the only court that considered the effect of 32 C.F.R. § 581.3(g)(4), the same Army regulation that controlled Plaintiff's request for reconsideration in the instant case. Furthermore, the Court concurs with the Sixth Circuit's criticism of the approaches outlined in *Nihiser*, *Soble*, and *Green*. With respect to *Nihiser*, "[a]dopting an approach that validates a suit so long as the request for reconsideration was filed within six years undermines the plain language of the regulations and would leave the issue up-in-the-air too long." *Id.* at 864. The Sixth Circuit was similarly critical of *Soble*, as its approach—whereby the statute of limitations runs at the time of the original decision regardless of a request for reconsideration—"fails to consider that the regulations explicitly allow for a veteran to file for reconsideration with the Board." *Id.* With respect to the Third Circuit's holding that a request for reconsideration could toll the statute if new facts were

9

the basis of the request, the *Davis* court cautioned that such an approach "could lead to unpredictability for the veteran who must rusk running afoul of the statute when submitting a request for reconsideration." *Id.* The court further noted that "[w]hether a request contains new facts or law may be a complex question for the Board to decide and does not serve as a clear criterion for tolling." *Id.*

The facts in the instant case are similar to those of *Davis*. The ABCMR's initial adverse decision on Plaintiff's claim occurred on August 25, 2003, at the latest. Doc. No. 11, AR62-68. Plaintiff did not seek reconsideration of the Board's decision until May 4, 2009, more than five and a half years after the initial adverse decision and well beyond the one-year limit for such requests as mandated by the pertinent Army regulations. AR28. Because Plaintiff did not timely seek reconsideration, her APA claim accrued on August 25, 2003, at the latest. Therefore, any complaint for relief had to be filed by August 25, 2009. Plaintiff did not file her Complaint in this Court until December 13, 2012. Accordingly, her claims for judicial review under the APA are time-barred, and must be dismissed.[6]

B. <u>Claims for Retirement Benefits or Back Pay under the Tucker Act</u>

"The Tucker Act provides the exclusive basis of jurisdiction over non-tort monetary claims against the United States." *Huff*, 508 F. Supp. 2d at 463 (quoting *Mitchell v. United States*, 930 F.2d 893, 895 (Fed. Cir. 1991)). A service member's request for back pay or

---

[6] Plaintiff's request for a promotion to the rank of Lieutenant Colonel must also be dismissed on the grounds that it is nonjusticiable. As explained by the Court of Appeals for the District of Columbia Circuit,

> "[A] request for retroactive promotion falls squarely within the realm of nonjusticiable military personnel decisions. To grant such relief would require us to second-guess the Secretary's decision about how best to allocate military personnel in order to serve the security needs of the Nation. This court is not competent to compare appellant with other officers competing for such a promotion. Not only is that task inherently unsuitable to the judicial branch, but also Congress has vested in the Secretary alone the authority to determine whether the original selection boards erred in comparing appellant to the other candidates for promotion."

*Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989).

retirement benefits is typically construed as a claim for relief under the Tucker Act. *Huff*, 508 F. Supp. 2d at 462-64; *Mitchell*, 930 F.2d at 895. Claims brought under the Tucker Act must be brought within six years after they first accrue. 28 U.S.C. 2501. "The statute of limitations is jurisdictional in nature and, as an express limitation on [the Tucker Act's] waiver of sovereign immunity, may not be waived." *Hart v. United States*, 910 F.2d 815, 818-19 (Fed. Cir. 1990); *see also Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008) ("The statute of limitations applicable to Tucker Act claims . . . is jurisdictional and not susceptible to equitable tolling.").[7] A cause of action under the Tucker Act accrues "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Goodrich v. United States*, 434 F.3d 1329, 1333 (Fed. Cir. 2006). "The issue of 'whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue.'" *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1381 (Fed. Cir. 2012) (quoting *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995)).

To the extent Plaintiff seeks damages for back pay, "it is well established that such a cause of action accrues at the time of the plaintiff's discharge." *Huff*, 508 F. Supp. 2d at 463; *see also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003); *Bowen v. United States*, 292 F.3d 1383, 1386 (Fed. Cir. 2002). In this case, Plaintiff was discharged effective June 1, 2001. Doc. No. 11, AR94. Accordingly, Plaintiff was required to bring her claim for back pay by no later than June 1, 2007. Because Plaintiff did not file suit until December 2012, any claim for back pay is time-barred.

---

[7] Under 28 U.S.C. § 1295(a)(2), the Court of Appeals for the Federal Circuit has appellate jurisdiction in all cases arising under the Tucker Act. "Accordingly, its rulings in Tucker Act cases should be followed by this Court." *Huff*, 508 F. Supp. 2d at 463 n.6 (citing *Atari, Inc. v. JS & A Grp., Inc.*, 747 F.2d 1422 (Fed. Cir. 1984)).

With respect to military retirement benefits, "a cause of action accrues on the date upon which plaintiff claims he became eligible for retired pay." *Brooks v. United States*, 70 Fed. Cl. 479, 484 (1998). Under Army Regulations in effect at the time, Plaintiff must have attained the age of 60 and completed a minimum of 20 years of qualifying service, among other factors, to be eligible for retired pay. Army Reg. 135-180 ¶ 2-1 (July 1, 1987). Accordingly, Plaintiff would have been eligible on August 20, 2002 at the earliest, following her sixtieth birthday and completion of twenty years of service.[8] Plaintiff was therefore required to bring suit by August 20, 2008. Even if the Court accepted that the accrual date of Plaintiff's claim was August 25, 2003, the date she received notification that the ABCMR denied her Application for Correction of Military Record, she did not file suit until December 2012, and thus, her claims for retirement benefits are time-barred.

C.      Claims for Pain and Suffering Damages under the FTCA

The Court construes Plaintiff's claim for "compensation for 10 [years] pain and suffering" as one for money damages. *See* Doc. No. 1 at 3. Plaintiff's claim appears to be based in tort, so the Court will look to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, for a waiver of sovereign immunity. "The FTCA clearly provides that, prior to bringing an action against the United States, a claimant 'shall have first presented the claim to the appropriate Federal agency.'" *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (quoting 28 U.S.C. § 2675(a)). Furthermore, under 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate

---

[8] This assumes that Plaintiff's request for MRD waiver should have been approved and that she would have been allowed to serve beyond her sixtieth birthday. Defendant claims in its brief that the relevant date was August 26, 2002. Doc. No. 12-1 at 20. However, the administrative record indicates that Plaintiff began her service on August 20, 1982. Doc. No. 11, AR87.

12

Federal agency within two years after such claim accrues . . . ." The filing of an administrative claim is a jurisdictional prerequisite to suit and may not be waived. *Henderson*, 785 F.2d at 123. Plaintiff has not indicated that she ever filed an administrative claim, and Defendant has verified that no such claim was ever filed. *See* Ferguson Aff., Doc. No. 12-2 ¶ 2.

Furthermore, in *Feres v. United States*, the Supreme Court held that that Government may not be held liable under the FTCA for injuries to service members "where the injuries arise out of or are in the course of activity incident to service." 340 U.S. 135, 146 (1950). The *Feres* doctrine has been broadly applied "to encompass, at a minimum, *all* injuries suffered by military personnel that are even remotely related to the individual's *status* as a member of the military." *Stewart v. United States*, 90 F.3d 102, 105 (4th Cir. 1996) (quoting *Major v. United States*, 835 F.2d 641, 644 (6th Cir. 1987)) (emphasis in original).

Accordingly, Plaintiff's claim for pain and suffering damages is barred because she failed to file an administrative claim with an appropriate federal agency, and because claims of her type are barred by the *Feres* doctrine.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for lack of subject matter jurisdiction will be GRANTED.[9] A separate Order follows.

  August 26, 2013                                                              /s/
       Date                                                                   Alexander Williams, Jr.
                                                                                      United States District Judge

---

[9] The Court does not need to address Defendant's arguments that it would also be entitled to summary judgment on the grounds that the ABCMR lawfully denied Plaintiff's application for relief.